411 So.2d 1148 (1982)
Nick J. GUZZARDO
v.
Gibbs ADAMS, et al.
No. 14562.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
Rehearing Denied April 13, 1982.
*1149 Roy Maughan, Baton Rouge, for plaintiff-appellant Nick J. Guzzardo.
W. Luther Wilson, Baton Rouge, for defendant-appellee Gibbs Adams and Capital City Press.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto by plaintiff, Nick J. Guzzardo, against Gibbs Adams and Capital City Press, Inc. for invasion of privacy. From a directed verdict in favor of defendants, plaintiff has appealed.

FACTS
On January 2, 1979, plaintiff, Nick J. Guzzardo, was named personnel coordinator in the office of the clerk of court for East Baton Rouge Parish. This was a new position. His responsibilities were to screen prospective employees, to coordinate the personnel records of the clerk's office, and to start programs for upgrading training and education of employees.
Plaintiff complains that defendant, Gibbs Adams, interviewed him shortly after his appointment, and subsequently thereto several articles written by Adams appeared in newspapers owned and operated by defendant Capital City Press, Inc. These articles report business activities of plaintiff prior to his employment by the East Baton Rouge clerk of court, as well as business activities while employed by the clerk of court but apparently resulting from previous business engagements.

TRIAL JUDGE
After evidence had been presented by both sides and prior to submission of the case to the jury, defendants moved for a directed verdict. La.C.C.P. art. 1810. The trial judge in oral reasons concluded that the decision as to whether plaintiff was a public official rested alone with the court rather than the jury, and found plaintiff to be a public official. Secondly, the trial judge concluded that all facts reported in *1150 the newspaper articles came from public records, and that plaintiff had consented to their publication by his interview with defendant Gibbs Adams.

SPECIFICATION OF ERROR
Plaintiff-appellant contends the trial court erred in directing a verdict for the defendants when there were questions of fact regarding substantial issues.

I
The basis of plaintiff-appellant's argument that "questions of fact regarding substantial issues" remain is that a jury may find the plaintiff was not a public official. In essence plaintiff argues that the question of whether plaintiff is a public official or not belongs to the jury. Rosenblatt v. Baer, 383 U.S. 75, 86 S.Ct. 669, 677, 15 L.Ed.2d 597 (1966) held that "generally it is for the trial judge in the first instance to determine whether the proofs show [plaintiff] to be a `public official.'" Therefore, the trial judge was correct in deciding that issue rather than sending same to the jury.
In determining that plaintiff was a public official, the trial judge made the following finding of facts:
"Mr. Guzzardo was hired as Personnel Coordinator for the East Baton Rouge Parish Clerk of Court's Office at a salary of fifteen hundred dollars a month. He reported directly to the Clerk of Court or the Chief Deputy Clerk of Court. He indicated that as far as his salary range was concerned, he was on the third tier which put him fairly equivalent to thirty other supervisors in the Clerk's Office. He made recommendations for disciplining but was not the ultimate authority in that respect. He instituted a class for empolyees [sic], and part of the setup required employees to pay out of their pocket certain funds. When the controversy about his employer's trip became so widespread in the newspapers, he thrust himself into the fray by becoming the spokesperson for the office and actually reported to the press what was going on. Now those facts are not disputed, and nobody is saying that is not true. Everybody is in agreement that those facts are true."
From the facts found by the trial judge we are convinced he was correct in his determination that plaintiff is a public official.

II
Plaintiff does not complain that the facts as presented in the news articles were false. If plaintiff is contending defendants were malicious in the publication it is of no moment, because "even a publication which intentionally inflicts harm on a public official is not actionable unless false." Shaefer v. Lynch, La., 401 So.2d 1193.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.